**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| GREGORY BALDWIN,<br><br>Plaintiff,<br>vs.<br><br>ESTHERVILLE, IOWA, MATT REINEKE, Individually and in his Official Capacity as an Officer of the Estherville Police Department, and MATT HELLICKSON, Individually and in his Official Capacity as an Officer of the Estherville Police Department,<br><br>Defendants. | No. C 15-3168-MWB<br><br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR REMAND OF STATE CLAIMS TO STATE COURT AND TO STAY FEDERAL CLAIM** |

In this case, originally filed on November 4, 2015, in the Iowa District Court in and for Emmet County, plaintiff Gregory Baldwin asserts four claims against the City of Estherville, Iowa, and two Estherville Police Officers, Matt Reineke and Matt Hellickson, arising from what Baldwin contends was his unconstitutional and wrongful arrest for driving his ATV in a ditch where he contends that he was, in fact, allowed to drive it. In Count I of his State Petition (docket no. 3), Baldwin alleges a violation, by the City, of his right under Article I, § 8, of the Iowa Constitution, to be free of unreasonable seizure; in Count II, he alleges a claim, pursuant to 42 U.S.C. § 1983, of a violation, by the individual officers in their individual capacities, of his right under the Fourth Amendment to the United States Constitution to be free of unreasonable seizure; in Count III, he alleges a violation, by the City, of his right under Article I, § 1, of the Iowa Constitution, to freedom, liberty, and happiness; and, in Count IV, he alleges a

state-law claim of false arrest against all defendants. Baldwin seeks damages and attorney's fees. On November 20, 2015, the defendants jointly filed their Notice Of Removal (docket no. 2), removing this action to this federal court pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446, on the basis of original federal question jurisdiction over Count II of Baldwin's State Petition and supplemental jurisdiction over Counts I, III, and IV. On November 23, 2015, the defendants filed a joint Answer (docket no. 5), denying Baldwin's claims.

On December 2, 2015, Baldwin filed the Motion For Remand To State Court (Counts I, III, and IV) And Stay (Count II) (docket no. 6), which is now before me. In his Motion, Baldwin contends that his state-law claims should be severed and remanded pursuant to 28 U.S.C. § 1441(c)(2); that I should decline to exercise supplemental jurisdiction over Counts I and III, pursuant to 28 U.S.C. § 1367(c)(1), because those claims raise novel or complex issues of state law, including whether Iowa does or should recognize a cause of action for damages for violations of the Iowa Constitution; and that, because Counts I, III, and IV should be severed and remanded, I should stay his federal claim in Count II pursuant to *Colorado River* abstention. The defendants filed a joint Resistance To Motion For Remand (docket no. 7), in which they argue that, by including a federal constitutional claim in his State Petition, Baldwin subjected himself to the possibility of removal of this case to federal court and that severing claims will result in unnecessary piecemeal litigation.

Although Baldwin requested oral arguments on his Motion To Remand, I find that the matter is fully submitted on the parties' written submissions and that oral arguments are unlikely to be beneficial to the resolution of the issues presented.

Baldwin's first argument for severance and remand of his state-law claims fails as a matter of law. This is so, even though Baldwin correctly states that § 1441(c)(2) provides that "[u]pon removal of an action described in paragraph (1), the district court

2

shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State Court from which the action was removed." 28 U.S.C. § 1441(c)(2). The flaw in Baldwin's argument is that his state-law claims simply are *not* claims described in paragraph (1)(B) of § 1441(c). Such claims are "claim[s] not within the original or supplemental jurisdiction of the district court or . . . claim[s] that ha[ve] been made nonremovable by statute." 28 U.S.C. § 1441(c)(1)(B). Indeed, Baldwin does not even attempt to argue—nor could he—that his state-law claims are "not within this court's . . . supplemental jurisdiction," nor has he identified any statute that would make those claims "nonremovable."

I have previously explained,

> [As] to the requirements for the exercise of supplemental jurisdiction pursuant to § 1367(a), that statute provides, with exceptions not relevant here,
>
>> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are *so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution*. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> 28 U.S.C. § 1367(a) (emphasis added). As the Eighth Circuit Court of Appeals has explained,
>
>> "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir.2005), quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A plaintiff's claims derive from a common nucleus of operative fact if the "claims are

3

> such that he would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130. Having original jurisdiction over [a plaintiff's action], the district court ha[s]d supplemental jurisdiction over [the plaintiff's] claims against [another defendant] (regardless of their eventual merit), as the claims against all defendants arose from the same facts. *See Northwestern Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1026 (6th Cir.2001); *Brazinsk [v. Amoco Petro. Additives Co.*, 6 F.3d [1176,] 1181–82 [(7th Cir. 1993)]. Once original jurisdiction exists, supplemental jurisdiction over all related claims is mandatory, absent certain statutory exceptions. *See Southern Council of Indus. Workers v. Ford*, 83 F.3d 966, 968 (8th Cir.1996) (per curiam); *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir.1994).
>
> *ABF Freight Sys., Inc. v. International Bhd. of Teamsters*, 645 F.3d 954, 963–64 (8th Cir.2011); *and compare McRaven v. Sanders*, 577 F.3d 974, 984 (8th Cir.2009) (describing the exercise of supplemental jurisdiction as a matter of discretion, even where the federal and state law claims derive from a common nucleus of operative fact).

*Daniels v. City of Sioux City*, No. C 13–4068–MWB, 2013 WL 5966118, *3-*4 (N.D. Iowa Nov. 8, 2013).

Here, all of Baldwin's state-law claims plainly are "related" to his federal claim, *see* 28 U.S.C. § 1367(a), as all "derive from a common nucleus of operative fact," *Daniels*, 2013 WL 5966118 at *4. Indeed, Baldwin elsewhere argues in support of his Motion To Remand that separate actions involving his state-law claims in state court and his federal claim in federal court would be "parallel," because

> [his] state and federal actions contain substantially similar claims, filed by the same plaintiff, against the same

4

defendants, concerning the same facts and issues, and seeking the same relief. In particular, Counts I and II deal with the same ancient right to be free from unreasonable seizure, although each Count invokes a different constitutional provision. The resolution of Count I in state court will undoubtedly fully dispose of Count II, the only federal claim.

Plaintiff's Brief In Support Of Motion For Remand (docket no. 6-1), 6.

Thus, § 1441(c)(2) provides no authority to sever and remand Baldwin's state-law claims.

Baldwin argues, further or in the alternative, that I should decline to exercise supplemental jurisdiction over his state-law claims, pursuant to § 1367(c)(1). That statute provides, in pertinent part, that a federal district court may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). Baldwin argues that Counts I and III raise the following novel and complex issues of Iowa law:

> 1. Does Iowa recognize a cause of action for damages for alleged violations of the Iowa Constitution, and if not, should Iowa recognize such a cause of action?
>
> 2. Whether and to what extent Iowa constitutional damage claims against a municipality and its officers may be brought pursuant to Iowa Code Chapter 670, the Municipal Tort Claims Act?
>
> 3 Whether and to what extent the common law doctrines of governmental and qualified immunity apply to constitutional damage claims under the Iowa Constitution?

Plaintiff's Brief In Support Of Motion For Remand at 3.

As I have previously explained,

> When determining whether a court should exercise supplemental jurisdiction, courts must balance the interests of judicial economy, convenience, fairness, and comity. *See*

> *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1249 (8th
> Cir.2006); *Barstad v. Murray County*, 420 F.3d 880, 888 (8th
> Cir.2005); *Grain Land Coop v. Kar Kim Farms, Inc.*, 199
> F.3d 983, 993 (8th Cir.1999). "'In the usual case in which all
> federal-law claims are eliminated before trial, the balance of
> factors to be considered under the pendent jurisdiction
> doctrine-judicial economy, convenience, fairness, and
> comity-will point toward declining to exercise jurisdiction
> over the remaining state-law claims.'" *Barstad*, 420 F.3d at
> 888 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343,
> 350 n. 7 (1988)).

*Schmitz v. Upper Des Moines Opportunity, Inc.*, No. C08–4087–MWB, 2009 WL 3019812, *13 (N.D. Iowa Sept. 21, 2009). In *Schmitz*, I noted that § 1367(c)(1), independent of other provisions of that statute, permits a district court to decline to exercise supplemental jurisdiction. *Id.* I also concluded that "comity" strongly suggested that this court should decline to exercise supplemental jurisdiction over the plaintiff's state-law claims, because I believed that interpretation of a state-law claim as a matter of first impression should be left to the state courts; fairness dictated a remand, because the viability of the state-law claims depended upon an interpretation of Iowa law, which should be determined by Iowa state courts; the case had not advanced very far (albeit farther than the present case); and both parties had access to Iowa courts. *Id.* All of those conclusions were in the context of partial summary judgment in favor of the defendants on all of the plaintiff's *federal* claims, however. *Id.* at *11.

The situation is quite different, here, where all of Baldwin's claims, including his federal constitutional claim, remain viable, are "related," "parallel," and "derive from a common nucleus of operative fact." While I remain no less committed to state courts resolving novel issues of state law, the fact that such related federal and state claims persist in this case means that concerns about judicial economy and economies to the parties weigh in favor of trying these claims in one court. It is plain that all parties would

6

ordinarily be expected to try all claims at issue here in one judicial proceeding. Moreover, the ability of this court to certify controlling questions of state law to the Iowa Supreme Court, either *sua sponte* or upon a motion of the parties, *see* IOWA CODE § 684A.1 and N.D. IA. L.R. 83, still allows the parties to obtain a definitive answer from the Iowa Supreme Court on the state-law questions that Baldwin contends are novel and complex—indeed, certification of those questions might provide a definitive answer sooner and more economically than remanding those questions for disposition, in the first instance, by a state district court, followed by appeals. In short, I conclude that the pertinent factors—judicial economy, convenience, fairness, and comity—do not require me to decline to exercise supplemental jurisdiction pursuant to § 1367(c)(1) in this case, but suggest that I *should* exercise supplemental jurisdiction, here.

Baldwin's final argument, for a stay pursuant to *Colorado River* abstention, was premised on this court severing and remanding Counts I, III, and IV. Because I will not sever and remand those state-law counts, however, there is no basis for the application of *Colorado River* abstention. *See Cottrell v. Duke*, 737 F.3d 1238, 1244-45 (8th Cir. 2013) (stating the first requirement for *Colorado River* abstention is "parallel state and federal actions").

THEREFORE, plaintiff Baldwin's December 2, 2015, Motion For Remand To State Court (Counts I, III, and IV) And Stay (Count II) (docket no. 6) is **denied** *in its entirety*.

**IT IS SO ORDERED**.

**DATED** this 15th day of December, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA