# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| GREGORY BALDWIN,<br><br>            Plaintiff,<br>vs.<br><br>ESTHERVILLE, IOWA; MATT REINEKE, Individually and in his Official Capacity as an Officer of the Estherville Police Department; and MATT HELLICKSON, Individually and in his Official Capacity as an Officer of the Estherville Police Department,<br><br>            Defendants. | No. C 15-3168-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING THE PLAINTIFF'S MOTION FOR RECONSIDERATION OF RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

_____

This case, arising from the defendant police officers' arrest of plaintiff Gregory Baldwin for riding his ATV on and in a ditch beside a city street, is before me on Baldwin's November 22, 2016, Motion For Reconsideration (docket no. 41). Baldwin's Motion seeks reconsideration of my November 18, 2016, Memorandum Opinion And Order Regarding The Parties' Cross-Motions For Summary Judgment (docket no. 40) (Summary Judgment Ruling). In that Summary Judgment Ruling, I granted the defendants' July 19, 2016, Motion For Partial Summary Judgment (docket no. 21) as to Baldwin's claims of a federal constitutional violation in Count II and state law false arrest in Count IV; denied those parts of Baldwin's August 11, 2016, Motion For Partial Summary Judgment (docket no. 27) seeking summary judgment on his claims of a federal constitutional violation in Count II and state law false arrest in Count IV; and stayed those parts of Baldwin's Motion For Partial Summary Judgment on his claims of Iowa

constitutional violations in Counts I and III pending determination by the Iowa Supreme Court of whether to take further review in *State v. Conklin*, No. 14–0764, 863 N.W.2d 301, 2015 WL 1332003 (Iowa Ct. App. March 25, 2015) (table op.). Summary Judgment Ruling at 29.

Specifically, Baldwin seeks reconsideration of the part of my Summary Judgment Ruling holding that the officers had probable cause to arrest Baldwin for a violation of Estherville Ordinance 219-2(2) and, thus, no constitutional violation or false arrest occurred or, in the alternative, the officers were entitled to qualified immunity, because their mistake of law as to probable cause was reasonable. Baldwin contends that I decided that issue *sua sponte*, without briefing, argument, or the opportunity to be heard by either party. He also argues that, in light of the clarification in Ordinance 110-102(23), a reasonable officer would not have had probable cause to arrest him for operating an ATV in the ditch, which is part of the "road," not "off road" on "publicly-owned property," as prohibited by Ordinance 219-2(2). In their Resistance (docket no. 44), filed December 2, 2016, the defendants contend that Baldwin is simply repeating his argument that Ordinance 219-2(2) established that the defendants lacked probable cause for his arrest. They also argue that I rejected this argument, finding that the officers' mistake was the same kind as the mistake of law at issue in *Heien v. North Carolina*, ___ U.S. ___, 135 S. Ct. 530 (2014), involving an *arguable* reading of uncertain language in the Ordinances. The defendants assert that, because Baldwin offers nothing new, there is no basis to conclude that my Summary Judgment Ruling was clearly or manifestly erroneous.

A district court is free to reconsider its ruling on summary judgment motions. *See, e.g., Macquarie Bank Ltd. v. Knickel*, 793 F.3d 926, 936 (8th Cir.2015) (reconsideration of denial of summary judgment). As the defendants point out, I have addressed the standard applicable to such a reconsideration, as follows:

> This court has also noted, "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be [applicable to] a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." [*Wells' Dairy, Inc. v. Travelers Indemnity Co. of Ill.*, 336 F.Supp.2d 906, 909 (N.D. Iowa 2004)]. Although the standards for reconsideration of interlocutory orders may be less "exacting" than the standards for reconsideration of final orders under Rules 59(e) and 60(b), this court has nevertheless held that it should look to the general principles under Rules 59(e) and 60(b) for guidance when reconsidering a summary judgment ruling pursuant to Rule 54(b). *Id.* (citing *Bragg v. Robertson*, 183 F.R.D. 494, 496 (S.D. W.Va. 1998)). Under Rule 59(e), a judgment may be amended to correct "clearly" or "manifestly" erroneous findings of fact or conclusions of law. *See, e.g., Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988); *Baker v. John Morrell & Co.,* 266 F.Supp.2d 909, 919 (N.D. Iowa 2003). It is this standard that the court finds is applicable to reconsideration of a summary judgment ruling under Rule 54(b).

*Kirt v. Fashion Bug # 3252, Inc.*, 495 F. Supp. 2d 957, 964-65 (N.D. Iowa 2007*); see also Serverside Group, Ltd. v. Tactical 8 Techs., L.L.C.*, 985 F. Supp. 2d 944, 946-47 (N.D. Iowa 19 2014) (citing this portion of *Kirt*); *Rattray v. Woodbury Cnty., Iowa*, 908 F. Supp. 2d 976, 984–85 (N.D. Iowa 2012) (quoting this portion of *Kirt*). I find no "clear" or "manifest" error in my disposition of the parties' cross-motions for summary judgment.

"'Federal district courts have power to grant summary judgment *sua sponte* when the losing party is given sufficient advance notice and an adequate opportunity to submit evidence in opposition.'" *Barkley, Inc. v. Gabriel Brothers, Inc.*, 829 F.3d 1030, 1041

3

(8th Cir. 2016) (quoting *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (per curiam), and also citing FED. R. CIV. P. 56(f)).  Here, the issue of whether or not the officers had probable cause to arrest Baldwin was before me on motions for summary judgment by *both* Baldwin and the defendants, and they *all* had adequate opportunity to submit evidence in opposition to summary judgment against them.  Indeed, in his motion for reconsideration, Baldwin does not now rely on any evidence that was *not* already before me on summary judgment.

To the extent that Baldwin argues that the issue of probable cause under Ordinance 219-2(2) was not at issue, because the parties addressed probable cause based on an arrest for violating a non-existent Ordinance "E321I.10," that argument fares no better.  Again, Baldwin and the defendants *both* put probable cause for his *arrest* at issue.  Furthermore, I heard oral arguments on the cross-motions for summary judgment, affording the parties a further opportunity to address any issues overlooked in their briefing.  A party can hardly be heard to complain that the court did not properly limit itself to the part of the "probable cause" analysis that the parties addressed, when the parties overlooked a second part of the analysis that was necessarily at issue to determine if any party was entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c) (summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact *and* that the moving party is entitled to a judgment as a matter of law" (emphasis added)); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Specifically, here, as I explained in my Summary Judgment Ruling, the second part of the "probable cause" analysis is *whether*

*the facts known to the officers would have provided probable cause to arrest Baldwin for the violation of some other City Ordinance*. Summary Judgment Ruling at 22-23 (citing *Greenman v. Jessen*, 787 F.3d 882, 889 (8th Cir. 2015), and *United States v. Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014)).

Moreover, although he missed the second issue in the "probable cause" analysis, the need to analyze probable cause under an alternative ordinance, Baldwin did argue in in support of his own summary judgment motion that Ordinance 219-2(2) *negated* probable cause for his arrest. In support of reconsideration, Baldwin now "repackages" that argument somewhat to focus on the "off-road" requirement for a violation of Ordinance 219-2(2). Nevertheless, as I concluded in my Summary Judgment Ruling, the Iowa District Court concluded, *after the fact*, that "street" in Ordinance 102(23) includes the entire width of the right-of-way between property lines and that "publicly-owned property" in Ordinance 219-2(2), to the extent it conflicted with Ordinance 110-102(23) does not include the "ditch" of a City street. Summary Judgment Ruling at 23-24. In the absence of this construction, the "ditch" reasonably appears to be *both* "off-road" and "publicly-owned property." I reiterate my conclusion that this after-the-fact construction establishes no more than a mistake of law as to the applicability of the *prohibition* in Ordinance 219-2(2) to Baldwin's conduct, which is the same kind of mistake of law at issue in *Heien*, involving an *arguable* reading of uncertain language in the law. *Id*. at 24 (citing *Heien*, 135 S. Ct. at 540). On reconsideration, Baldwin argues that reasonable officers should have foreseen that construction, but I conclude that reasonable officers would not necessarily—likely, or "reasonably"—have done so.[1]

---

[1] Indeed, it is ironic that, in support of his argument that the officers should have foreseen the construction of "street" as including the apparently "off-road" "publicly-owned property" of the ditch, Baldwin now relies, in part, on *The Handbook of Iowa All-*

(Footnote continued . . .

5

Upon the foregoing, Baldwin's November 22, 2016, Motion For Reconsideration (docket no. 41) is **granted**, to the extent that I have considered Baldwin's arguments on the issue he contends that I improperly decided *sua sponte*, but his Motion is **denied** as to any other relief. I **reaffirm** my November 18, 2016, Memorandum Opinion And Order Regarding The Parties' Cross-Motions For Summary Judgment (docket no. 40) (Summary Judgment Ruling) in all challenged respects.

**IT IS SO ORDERED**.

**DATED** this 21st day of December, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

*Terrain Vehicle and Off-Highway Motorcycle Regulations* (*Handbook*). On summary judgment, however, Baldwin disparaged the officers' alleged reliance on the *Handbook* to determine whether they had probable cause to arrest him for any offense, because that *Handbook* purportedly summarized the applicable law *statewide*, but did not purport to interpret the City's Ordinances.